IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**FILED**
**U.S. District Court**
**District of Kansas**
09/15/2026
**Clerk, U.S. District Court**
**By:** SND **Deputy Clerk**

KONG BUN LY,

Petitioner,

v.

MISTY MACKEY, Warden,
Midwest Regional Reception Center;
SAMUEL OLSON, Field Office Director, ICE; and
MARKWAYNE MULLIN, Secretary, DHS,

Respondents.

Case No. 26-3306-JWL

## MEMORANDUM AND ORDER

Petitioner, through counsel, has filed a petition for habeas corpus under 28 U.S.C. § 2241, by which he challenges his detention by immigration officials. For the reasons set forth below, the petition is **granted in part and denied in part**. The petition is granted with respect to petitioner's claim that he was improperly denied notice of the reasons for the revocation of his release and an interview, and respondents are hereby ordered to ensure that petitioner receives the required notice and interview on or before **September 28, 2026**; and they are further ordered to provide notice to this Court when such relief has been given. The petition is otherwise denied.

Petitioner was born in Thailand to Cambodian refugee parents. As an infant in 1982, he was admitted to the United States as a refugee, and he became a lawful permanent resident in 1984. In 2011, following convictions the prior year, removal proceedings were

initiated, and in January 2012 petitioner was ordered removed to Cambodia. Later that year, because a travel document could not be obtained, petitioner was released upon an order of supervision (OSUP). On July 21, 2026, petitioner was again detained by immigration officials, and his release was revoked. Petitioner remains in custody in this judicial district. Petitioner filed the instant petition on August 19, 2026; respondents have filed an answer, and petitioner has filed a traverse, and the matter is therefore ripe for ruling.

Petitioner claims that his continued detention by immigration authorities is improper. To obtain habeas corpus relief, petitioner must demonstrate that he is "in custody in violation of the Constitution or laws or treaties of the United States." *See* 28 U.S. C. § 2241(c)(3). This Court has habeas corpus jurisdiction to consider the statutory and constitutional grounds for immigration detention that are unrelated to a final order of removal. *See Demore v. Kim*, 538 U.S. 510, 517–18 (2003).

Petitioner claims that he was re-detained without prior notice in violation of an injunction granted by a federal court in California in favor of the following class:

> [A]ll Cambodian nationals in the United States who are subject to final orders of deportation or removal, and were subsequently released from ICE custody, and have not subsequently violated any criminal laws or conditions of their release, and have been or may be re-detained for removal by ICE.

Respondents do not dispute that petitioner was not given the prior notice required by the injunction; nor do they argue that release would not be an appropriate remedy for a violation of the injunction. Instead, in opposing this claim, respondents argue only that petitioner is not a member of the relevant class because he has violated conditions of his

release. Relying on a declaration by an immigration officer, respondents argue specifically that petitioner failed to report for scheduled appointments on May 15, 2025, and July 15, 2026, in violation of the OSUP's requirement that petitioner appear upon request of ICE; and that in 2019 petitioner violated a requirement that he assist ICE in obtaining necessary travel documents.

In response to this evidence, petitioner notes that respondents have not submitted any documentary evidence, and he argues that respondents' declaration omits that when he was detained on July 21, 2026, he was actually appearing at an ICE office to check in as required. Petitioner has not submitted any evidence to rebut the evidence submitted by respondents, however.[1] Moreover, although the 2019 and 2026 violations alleged by respondents are not as definitively established by respondents' evidence, the 2025 violation is more clear-cut, and petitioner has not shown or even alleged either that he was not required to appear for an appointment in May 2025 or that he actually did appear then. Accordingly, the Court finds, based on the evidence submitted, that because petitioner violated the terms of his OSUP, he does not fall within the class defined by the California court; and the Court therefore denies petitioner's claim based on a violation of that court's injunction.

Petitioner also claims that officials violated applicable regulations with respect to the revocation of his release. He argues in the petition that officials violated 8 C.F.R. § 241.13(i)(2), which allows for revocation of release if officials have determined, based on

[1] The petition was not verified as required by 28 U.S.C. § 2241.

changed circumstances, that there is a significant likelihood of removal in the reasonably foreseeable future. Respondents argue, however, that paragraph (2)'s requirement of changed circumstances would not apply here because petitioner's release was instead revoked pursuant to Section 241.13(i)(1) based on violations of the terms of his OSUP. Petitioner does not oppose this argument in his traverse. Accordingly, because petitioner has not shown that his release was revoked under paragraph (2), the Court denies this claim.

Petitioner also argues that, upon the revocation of his release, he was not given either notice of the reasons for the revocation or an interview, in violation of 8 C.F.R. § 241.13(i)(3), which provision also applies in the event of a revocation under paragraph (1). Respondents do not dispute that officials failed to provide the required notice and interview, and they therefore concede the claimed violations of the regulation. They argue that because petitioner violated the terms of his OSUP, he cannot show prejudice from the failure to provide notice or an interview; but the Court rejects that argument that the violations were harmless. Although petitioner has not shown in this action that he did not violate the OSUP, he has at least identified circumstances that could call into doubt two of the alleged OSUP violations; thus, the Court cannot conclude that petitioner could not have benefitted from an interview at which he would have had the opportunity to make his case concerning whether revocation was appropriate.

The Court further concludes, however, that this violation does not warrant petitioner's release; rather, the appropriate remedy is substitute process. *See Olmedo v. United States Immigration and Customs Enforcement*, 2025 WL 2821860, at *3 (D. Kan. Oct. 3, 2025) (Lungstrum, J.) (citing cases in concluding that substitute process was the

appropriate remedy for a violation of the regulations that was not necessarily harmless). In this case, the Court concludes, as it did in *Olmedo*, that the violation is most appropriately remedied by ensuring that petitioner does receive the process that he was denied. Accordingly, the Court grants the petition to that extent, and respondents are hereby ordered to ensure that petitioner is provided notice and granted his informal interview as reuired by the regulations on or before **September 28, 2026**.

IT IS THEREFORE ORDERED BY THE COURT THAT the petition for habeas corpus pursuant to 28 U.S.C. § 2241 is hereby **granted in part and denied in part**. The petition is granted with respect to petitioner's claim that he was improperly denied notice and an interview, and respondents are hereby ordered to ensure that petitioner receives the required notice and interview on or before **September 28, 2026**; and they are further ordered to provide notice to this Court when such relief has been given. The petition is otherwise denied.

IT IS SO ORDERED.

Dated this 15th day of September, 2026, in Kansas City, Kansas.

/s/ John W. Lungstrum
Hon. John W. Lungstrum
United States District Judge